UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>) | No. NA 02-CR-0023-01-B/N |
| vs.    ) | No. 1:06-cv-645-SEB-JMS |
| )<br>LELAND DAVID MARTIN,    )<br>)<br>          Defendant.   ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255**

A court may grant relief from a federal conviction or sentence pursuant to 28 U.S.C. § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. In this case, defendant Leland D. Martin ("Martin"), who seeks such relief, has failed to make the required showing. Accordingly, his motion for relief pursuant to 28 U.S.C. § 2255 must be **denied.** This conclusion rests on the following facts and circumstances:

1.      Martin was charged with being a felon in possession of a firearm/ ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He was convicted of this charge after trial by jury. His conviction and sentence were affirmed on direct appeal in *United States v. Martin,* 399 F.3d 879 (7th Cir. 2005), *cert. denied* 126 S. Ct. 178 (2005), *rehearing denied,* 126 S. Ct. 723 (2005).

2.      The present motion for relief pursuant to 28 U.S.C. § 2255 followed. Martin contends here that he was denied his Sixth Amendment right to the effective assistance of counsel at trial and in his direct appeal.

3.      The right to the effective assistance of counsel is denied when the performance of counsel falls below an objective standard of reasonable professional conduct and thereby prejudices the defense. *Yarborough v. Gentry,* 124 S. Ct. 1, 4 (2003) (citing *Strickland v. Washington,* 466 U.S. 668, 688-94 (1984)). For a petitioner to establish that his "counsel's assistance was so defective as to require reversal" of a conviction or a sentence, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Strickland,* 466 U.S. at 687. With respect to the first prong, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional

norms.'" *Wiggins v. Smith,* 123 S. Ct. 2527, 2535 (2003) (quoting *Strickland,* 466 U.S. at 688). In addition, the performance of counsel under *Strickland* should be evaluated from counsel's perspective at that time, making every effort to "eliminate the distorting effects of hindsight." *Id.* at 2536 (quoting 466 U.S. at 688); *see also Kokoraleis v. Gilmore,* 131 F.3d 692, 696 (7th Cir. 1997). With respect to the prejudice requirement, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694; *see also Benefiel v. Davis,* 357 F.3d 655, 661 (7th Cir. 2004). It is not enough for a petitioner to show that "the errors had some conceivable effect on the outcome of the proceeding." *Strickland,* 466 U.S. at 693. A petitioner must specifically explain how the outcome at trial would have been different absent counsel's ineffective assistance. *Berkey v. United States,* 318 F.3d 768, 773 (7th Cir. 2003).

    4.    Martin's specifications of ineffective assistance of counsel at trial are unpersuasive:

        a.    Martin first asserts error by counsel in not objecting at a pretrial suppression hearing and at the hearing to determine his competency to evidence rendered inadmissible pursuant to *Crawford v. Washington,* 541 U.S. 36 (2004). Martin posits that the evidence was objectionable under *Crawford,* but the limitation on hearsay usage established in that case does not apply to pretrial proceedings held in open court. *See, e.g., United States v. Del Rosario,* 388 F.3d 1, 12 n. 5 (1st Cir. 2004); *United States v. Miramonted,* 365 F.3d 902, 904 (10th Cir. 2004). It has long been established that hearsay is admissible at a pretrial suppression hearing for purposes of ruling on the admissibility of other evidence. *See United States v. Raddatz,* 447 U.S. 667, 679 (1980)("At a suppression hearing, the court may rely on hearsay and other evidence, even though that evidence would not be admissible at trial."); *Gerstein v. Pugh,* 420 U.S. 103, 119 (1975) (probable cause determination for purpose of pretrial detention does not require "the full panoply of adversary safeguards--counsel, confrontation, cross-examination, and compulsory process for witnesses"); *United States v. Matlock,* 415 U.S. 164, 173 (1974) (rules of evidence applicable in criminal trials are not applicable in pre-trial hearings before a judge to determine evidentiary matters, such as the admissibility of evidence). *Crawford* does not change this rule. *Washburn v. United States,* 2006 WL 3715393 (N.D.Ind. 2006). There would have been no merit to the objections Martin now complains were not made at these pretrial proceedings, and and "[i]t is not deficient performance to fail to raise an argument with no real chance of success." *Hough v. Anderson,* 272 F.3d 878, 898 n.8 (7th Cir. 2001). *Crawford,* moreover, does not apply retroactively. *Bintz v. Bertrand,* 403 F.3d 859, 867 (7th Cir. 2005).

        b.    Martin argues that his attorney was ineffective for failing to "sufficiently argue the motion to suppress [Martin's] statements made to police." Those statements, however, were made after proper Miranda warnings had been given and acknowledged, *see Miranda v. Arizona,* 384 U.S. 436 (1966), and there is nothing in Martin's present argument suggesting that his statements could have been

suppressed. *United States v. Krilich*, 159 F.3d 1020, 1025-26 (7th Cir. 1998) (a waiver is voluntary in the absence of coercion, and is knowing if made "'with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.'")(quoting *Moran v. Burbine,* 475 U.S. 412, 421 (1986)); see also *Colorado v. Connelly,* 479 U.S. 157, 167 (1986)("[C]oercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment."); *Watson v. DeTella,* 122 F.3d 450, 453 (7th Cir. 1997)(a confession is voluntary "if the totality of the circumstances demonstrates that it was the product of rational intellect and not the result of physical abuse, psychological intimidation, or deceptive interrogation tactics calculated to overcome the defendant's free will.") (citations omitted). Contrary to Martin's arguments, there is no probability that had additional arguments been made regarding the admissibility of his statements to police the result of the effort to suppress those statements prior to trial would have been different.

c.      Martin argues that his attorney was ineffective in not requesting a second competency evaluation. There is no merit whatsoever to this position, however, because there was no deficiency in the evaluation which was performed and no error in the determination of his competency to stand trial. *Dusky v. United States,* 362 U.S. 402, 402 (1960)(whether a defendant is competent focuses on "whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding--and whether he has a rational as well as factual understanding of the proceedings against him").

d.      Martin argues that his attorney failed to argue that he gave no consent to the search of his home. The suppression question, however, was fully considered by this court, 2004 WL 434196 (S.D.Ind. Feb. 27, 2004), was reviewed on appeal, *United States v. Martin,* 399 F.3d at 880 ("once the agents appeared with warrant in hand, both Martin and his wife consented to a search of their home, where the agents found a gun and ammunition"). This claim cannot be reviewed again in this proceeding simply because Martin believes different facts could have produced a different outcome. The facts were fully developed and properly considered both by this court and by the Court of Appeals. Indeed, Martin concedes that his wife gave consent for the search of both the residence and the storage unit. Although he argues that his wife's consent "by itself is insufficient," under *Georgia v. Randolph,* 126 S. Ct. 1515 (2006), this is not the case. *United States v. Wilburn,* 2007 WL 63972 (7th Cir. January 11, 2007)("But *Randolph* is a rather narrow holding, and no matter how hard Wilburn wiggles--like the stepsisters trying to squeeze into Cinderella's glass slipper--he can't fit within its embrace.").

e.      Martin argues that he was denied counsel of his choice. This claim relates to the fact that his first court-appointed counsel, Mr. Burt, was replaced on August 8, 2003, by a second court-appointed counsel, Mr. Dazey. Martin suggests that Mr. Dazey should have objected on Martin's behalf to this change. The Sixth Amendment provides a criminal defendant with the right "to have the Assistance of

Counsel for his defense." An essential element of this right is the right to have counsel of one's choice. *See United States v. Gonzalez-Lopez,* 126 S. Ct. 2557, 2561 (2006). However, the right to counsel of choice is not absolute. *Id.* "An indigent defendant has no right to have a particular attorney represent him . . . ." *United States v. Iles,* 906 F.2d 1122, 1130 (6th Cir. 1990). The right to counsel of his choice is not implicated by Martin's argument here, however, because "the Sixth Amendment guarantees the defendant the right to be represented by an otherwise qualified attorney whom the defendant can afford to hire, or who is willing to represent the defendant without funds." *Gonzalez-Lopez,* 126 S. Ct. at 2561 (quoting *Caplin & Drysdale, Chartered v. United States,* 491 U.S. 617, 624-25 (1989)). Martin sought and was provided with appointed counsel at public expense. His representation was continuous and constitutionally adequate. He was not entitled to Mr. Burt's continued representation throughout the case, even though he had that precise preference. *United States v. Vargas,* 2007 WL 103067, *3 (D.N.D. January 17, 2007). Martin's argument on this point rests on his preference as to representation, but this does not carry the day, because "those who do not have the means to hire their own lawyers have no cognizable complaint so long as they are adequately represented by attorneys appointed by the courts." *Caplin & Drysdale, Chartered v. United States,* 491 U.S. 617, 624 (1989).

  f. Martin argues that there was error in the jury instructions (instruction no. 8) and that his attorney was ineffective for failing to object to those instructions. The error, if any, in instruction no. 8 was in fact cured by the language of instruction no. 9, wherein the jury was told that they could find Martin guilty if he "possessed either the firearm or one of the pieces of ammunition listed in the indictment." The references to the indictment made it clear to the jury that they could not return a finding of guilt based on evidence of ammunition not charged in the indictment. Additionally, the substantial evidence of Martin's guilt *relative to the ammunition charged in the indictment* renders the failure to trim the scope of the description in Instruction no. 8 entirely harmless, and "[c]ounsel cannot be 'ineffective' unless his mistakes have harmed the defense (or, at least, unless it is reasonably likely that they have)." *United States v. Gonzalez-Lopez,* 126 S. Ct. 2557, 2563 (2006). In the absence of prejudice from this asserted error, Martin did not suffer the ineffective assistance of counsel at trial.

  5. Martin also argues that he was denied the effective assistance of counsel in his direct appeal.

  a. The standard for judging a claim of ineffective assistance of counsel is the same for both trial and appellate lawyers. *Matire v. Wainwright,* 811 F.2d 1430, 1435 (11th Cir. 1987). In the appellate counsel context, a showing of prejudice requires a showing that petitioner's claims would have succeeded on appeal. *See Smith v. Robbins,* 528 U.S. 259, 285-86 (2000); *McCleese v. United States,* 75 F.3d 1174, 1180 (7th Cir. 1996).

  b. No such showing is made here as to any actual or conceivable argument in the Court of Appeals, including the contention that counsel failed to (i) present an argument based on *United States v. Booker,* 125 S. Ct. 738 (2005), (ii) failed to argue that the trial court erred in its ruling on the marital privilege exclusion regarding the testimony of Martin's wife, (iii) failed to challenge the sufficiency of the evidence, and (iv) failed to challenge the admission at trial of evidence of Martin's prior weapon conviction.

  c. As to the argument based on *Booker,* the United States is correct that Martin received a sentence at the low end of the Sentencing Guidelines and that he was subject, in any event, to receive the 15 year (180-months) statutory minimum. *United States v. Miller,* 450 F.3d 270, 275 (7th Cir. 2006)("*Booker* does not permit district judges to disregard mandatory minimum sentences."). Even if not constrained by the Sentencing Guidelines, moreover, and fully taking into account the factors specified in 18 U.S.C. § 3553(a), a different sentence would not have been imposed in this case. See *United States v. Paladino*, 401 F.3d 471, 481 (7th Cir. 2005) (directing sentencing courts to determine whether particular sentences would be any different under advisory sentencing guidelines). Martin's 210-month sentence is sufficient but not greater than necessary to effect the purpose of the Sentencing Reform Act of 1984. Even had a *Booker* argument been presented, therefore, and even if a *Paladino* remand been directed, there is no reasonable probability that a different or lower sentence would have been imposed. Accordingly, Martin was not prejudiced in the *Strickland* sense by the absence of such an argument.

  d. The remaining specifications of appellate counsel's asserted ineffectiveness rest on doubtful legal grounds and do not support a conclusion that appellate counsel failed to appeal an issue that is obvious and clearly stronger than the claims raised. *See Winters v. Miller,* 274 F.3d 1161, 1167 (7th Cir. 2001). To establish the *Strickland* prejudice prong, a defendant must show that there is a reasonable probability that appellate counsel's failure to raise an issue would have resulted in the reversal of his conviction or an order for a new trial. *Lee v. Davis,* 328 F.3d 896, 901 (7th Cir. 2003) (there must be reasonable probability that issue not raised would have altered outcome of appeal). No such showing has been made here.

 6. The record fully contradicts Martin's claim that he was not adequately represented at trial and in his direct appeal. Martin's concerns with the performance of his attorneys do not satisfy the *Strickland* standard. In particular, "conclusory allegations do not satisfy *Strickland's* prejudice component." *United States v. Farr,* 297 F.3d 651, 658 (7th Cir. 2002) (citing *United States v. Boyles,* 57 F.3d 535, 550 (7th Cir. 1995). The Seventh Circuit continued:

> We have observed in the past that criminal defendants frequently "demonize" their lawyers. "If we are to believe the briefs filed by appellate lawyers, the only reasons defendants are convicted is the bumbling of their predecessors. But lawyers are not miracle workers. Most convictions follow ineluctably from the defendants' illegal deeds."

5

*Farr*, 297 F.3d at 658. The same is inescapably true as to Martin's arguments that he was denied the effective assistance of counsel. There is no entitlement to relief as to this claim, based on either the performance prong or the equally important requirement that he suffered prejudice.

      7.    ["Martin's] multiple priors led to a 210-month sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e)." *United States v. Martin,* 399 F.3d at 880. Martin argues that this ACCA enhancement must be vacated based on the Supreme Court's decision in *Shepard v. United States,* 125 S. Ct. 1254 (2005) (limiting the sources that sentencing judges can consider when considering issues related to prior convictions). He points out, correctly, that the question of whether some of his prior convictions qualified under the ACCA was never submitted to the jury and the court's answer to that question was not described in terms of having been found beyond a reasonable doubt and was made despite the contention that some of the prior convictions did not qualify under the ACCA.

      a.    In Martin's direct appeal, the Court of Appeals alluded to the ACCA enhancement. "Because a recidivism enhancement comes within *Almendarez-Torres v. United States,* 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 350 (1998), Martin has no complaint about the sentence." *United States v. Martin,* 399 F.3d at 880.

      b.    Nonetheless, Martin now challenges the ACCA enhancement, arguing that *Shepard* compels a different procedure to be used. This position is untenable. The Seventh Circuit has rejected the argument that *Almendarez-Torres* was overruled by implication by *Shepard*. *See United States v. Browning,* 436 F.3d 780 (7th Cir. 2006). *Shepard* deals only with the type of evidence which may be considered in determining that a prior conviction qualifies for enhancement under the ACCA; police reports or complaint applications were held to be improper. Martin does not argue that this court made its findings in this case on the basis of improper information, but that the question should have been presented to the jury. *Almendarez-Torres* held that prior felony convictions are sentencing factors that need not be charged in the indictment or proved to a jury beyond a reasonable doubt. In *United States v. Pittman,* 418 F.3d 704, 709 (7th Cir. 2005), the Court of Appeals instructed that the Court's subsequent opinions left the holding of *Almendarez-Torres* undisturbed.

> While the Supreme Court has issued several recent opinions clarifying a defendant's Sixth Amendment right to jury findings that increase a defendant's sentence beyond the statutory maximum, the *Almendarez-Torres* exception has yet to be overruled. Almendarez-Torres clarified that a trial judge may determine at sentencing whether a prior conviction increases the maximum sentence that may be imposed on a defendant without violating the Sixth Amendment. Id. The Supreme Court's recent Sixth Amendment case law has maintained this holding. Van Sach points to *Shepard v. United States* for support that findings regarding prior convictions should be made by the jury. 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). But, Van Sach concedes that we have already decided that the *Almendarez-Torres* exception for prior convictions still stands after Shepard. *See United States v. Browning,* 436 F.3d 780, 782 (7th Cir. 2006); *United States v. Ngo,* 406 F.3d 839, 843 (7th Cir. 2005).

> *Shepard* itself acknowledges the continuing validity of the *Almendarez-Torres* exception. 544 U.S. at 24-26, 37-38, 125 S. Ct. 1254 (2005) (plurality and dissenting opinions). Given the state of the law, we conclude that Van Sach's Sixth Amendment rights were not violated when Judge Castillo determined that Van Sach should be sentenced under ACCA.

*United States v. Van Sach,* 458 F.3d 694, 703-04 (7th Cir. 2006) (some internal citations omitted).

    c.    Even if not foreclosed by the decision in his direct appeal, therefore, Martin's argument that the ACCA finding or the procedure employed in making it are constitutionally infirm is without merit.

    8.    Relief pursuant to § 2255 is limited to an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice. *Borre v. United States,* 940 F.2d 215, 217 (7th Cir. 1991). For the reasons explained above, Martin is not entitled to relief in this action. He has failed to demonstrate a constitutional violation warranting collateral relief. Additionally, his request for an evidentiary hearing is **denied**, because (1) such a hearing is proper when the habeas petition is accompanied by a detailed and specific affidavit showing that the petitioner has actual proof going beyond mere unsupported assertions, *Barry v. United States,* 528 F.2d 1094, 1101 (7th Cir.), *cert. denied,* 429 U.S. 826 (1976), (2) mere unsupported allegations do not support a request for a hearing, *Aleman v. United States,* 878 F.2d 1009, 1012 (7th Cir. 1989), and (3) the records and file in this action show conclusively that Martin is not entitled to the relief he seeks. Accordingly, his motion for relief pursuant to § 2255 is denied, and this action must be dismissed with prejudice. Judgment consistent with this Entry shall now issue.

    **IT IS SO ORDERED**.

Date: 02/02/2007

*[signature: Sarah Evans Barker]*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana